IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------------------------------x

| | |
|---|---|
| DONALD MEYERS, | |
| Plaintiff, | CIVIL ACTION NO |
| vs. | COMPLAINT |
| RESIDENTIAL MANAGEMENT SERVICES, INC. | JURY TRIAL DEMANDED |
| Defendant. | NOVEMBER 28, 2022 |

------------------------------------------------------------x

## COMPLAINT

The Plaintiff DONALD MEYERS by and through his attorneys, BERLINGIERI LAW, PLLC, as and for his Complaint in this action against the Defendant RESIDENTIAL MANAGEMENT SERVICES, INC., respectfully alleges upon information and belief as follows:

## NATURE OF CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendant committed of Plaintiff's rights guaranteed to him by federal and state law, andcomplains for causes of action of: (i) discrimination based on religion under Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C.§ 2000e *et seq.*, as amended ("Title VII"); (ii) retaliation under the Title VII; (iii) discrimination based on religion under the Connecticut Fair Employment Practices Act, Conn. Gen. Stat. § 46a-60 *et seq.* ("CEFPA"), (vi) retaliation under CEFPA; (iv) any other claims(s) thatcan be inferred from the facts set forth herein.

2. Plaintiff seeks monetary relief including, but not limited to: compensatory and punitive damages; attorney's fees and the costs of this action; together with any and all other appropriate legal and equitable relief pursuant to applicable state and federal law.

3. Costs, expert witness fees and attorney's fees are sought pursuant to 42 U.S.C. § 1988.

1

**JURISDICTION AND VENUE**

4. This Court has jurisdiction as this case involves a Federal under Title VII of the 1964 CivilRights Act, 42 U.S.C.§ 2000e *et seq* as amended, , 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5. This Court has supplemental jurisdiction under the State laws of Connecticut. This Court has supplemental jurisdiction over Plaintiff's related claims arising under CEFPA and any and allstate and local law pursuant to 28 U.S.C. §1367 (a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391 (b). The acts and transactions complained of herein occurred in this District, Plaintiff resides and resided in this District during the course of his employment, and Defendant was and is located in this District.

7. Plaintiff filed claims with the Connecticut Commission on Human Rights and Opportunities ("CHRO") and the Equal Employment Opportunity Commission ("EEOC") on or about December 7, 2021, against Defendant Residential Management Services, Inc., (CHRO Case No. 2230292 – EEOC No. 16A-2022-00305).

8. On August 22, 2022, the CHRO issued a Finding of Reasonable Cause finding reasonable cause to believe that Defendant denied Plaintiff a COVID19 vaccine exemption based on his religious beliefs.

9. On September 7, 2022, the EEOC, issued Plaintiff a Notice of Right to Sue annexed hereto as **Exhibit A**.

10. On September 2, 2022, the CHRO issued Plaintiff a Release of Jurisdiction, annexed hereto as **Exhibit B**.

## THE PARTIES

11. Plaintiff Donald Meyers was and is a resident of the State of Connecticut at all relevant times herein.

12. Defendant Residential Management Services, Inc. ("Defendant") is a private not-for-profit corporation formed under the laws of the State of Connecticut, headquartered at 808 Four Rod Road, Kensington, CT 06037.

## BACKGROUND FACTS

13. Defendant operates residential management services across the State of Connecticut.

14. According to Defendant it has been providing Connecticut residential management services since 1982, Residential Management Services ("RMS") is a private, non-profit organization aiming to provide positive supports to adults with disabilities in their pursuit to lead meaningful lives. With homes located in the New Haven, Waterbury, Hartford, Meriden and Manchester areas, RMS works under State of Connecticut Department of Developmental Services guidelines and regulations.

15. Defendant was and is an employer within the meaning of the CEFPA and Title VII.

16. Defendant employed Plaintiff as a part time Residential Program Instructor on or about June 2020 until on or about October 8, 2021.

17. Plaintiff's religion is Catholic.

18. Plaintiff disclosed to Defendant that he was a person of faith.

19. Plaintiff maintains sincerely held religious beliefs that do not allow him to be vaccinated.

20. Plaintiff is unvaccinated from the COVID-19 virus and refuses to take the vaccine due to his sincerely held religious beliefs but would use a mask and submit to weekly testing as

a feasible alternative.

21. In or around August 2021, Defendant announced that it would be mandating the COVID-19 vaccine for all of its employees.

22. On September 20, 2021, Plaintiff submitted a religious accommodation request form to Defendant, requesting an accommodation based on his sincerely held religious beliefs for an exemption to the COVID-19 vaccine.

23. Plaintiff informed Defendant that he would wear a mask and submit weekly COVID-19 tests if the exemption was granted.

24. Plaintiff explained to Defendant in his religious accommodation request in part that aborted fetal cells used in the development or testing of the COVID19 vaccine interfered with his Catholic religious beliefs as well as his health and wellbeing.

25. On September 29, 2021, Defendant sent Plaintiff a letter that placed Plaintiff on unpaid leave starting on October 1, 2021 and denied his religious accommodation request without explanation to Plaintiff.

26. On September 30, 2021, Defendant sent Plaintiff written correspondence where it denied Plaintiff's application for religious exemption from receiving the COVID19 vaccine, citing his letter did not establish an adequate reason for exemption.

27. In the same correspondence Plaintiff was given the option to become vaccinated by October 7, 2021, or his employment would be terminated at Defendant.

28. Plaintiff refused to get the vaccine.

29. Plaintiff complained to Defendant that he was being treated differently for submitting a religious accommodation request and asked them to reconsider.

30. Defendant CEO Joseph Drexler ("Mr. Drexler") implemented and approved the Defendant's COVID19 vaccination policy.

31. Mr. Drexler mandated that when analyzing religious exemption requests to the COVID19 vaccination Defendant was to decide to accept or deny the request based on the consistency of the employee's beliefs with their church's overarching stance on the administration of the COVID19 vaccine.

32. If the requesting employee's belief and stance on receiving the COVID19 vaccine did not align with their religion's position, which Defendant found using internet searches, the exemption request would be denied, per Defendant CEO Mr. Drexler's implementation of the Defendant COVID19 policy.

33. Defendant CEO Mr. Drexler on behalf of Defendant found that when analyzing Plaintiff's religious accommodation exemption request that purportedly Catholic church encouraged its members to be vaccinated, therefore, it would not have accepted the Plaintiff's request even if the application was more detailed or included a clergy letter.

34. Defendant CEO Mr. Drexler on behalf of Defendant implemented an objective test with respect to religious exemption requests for accommodation to determine the outcome of requests whether to accept or to reject them solely based on an objective test of what the religion would purportedly support or prohibit.

35. Defendant failed to engage in an interactive process with Plaintiff prior to denying Plaintiff's religious exemption requests for accommodation.

36. Defendant was harsh and hostile to Plaintiff on the basis of his religious beliefs.

37. Defendant terminated Plaintiff on October 7, 2021 for non-compliance with its COVID19

vaccination policy.

## AS AND FOR A FIRST COUNT
## FOR DISCRIMINATION UNDER TITLE VII

38.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

39.     Title VII states in relevant part as follows: SEC. 2000e-2. [Section 703] (a) Employer practices: It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hireor to discharge any individual, or otherwise to discriminate against any individual with respect tohis compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; . . .

40.     Defendant the employer Defendants engaged in unlawful employment practices prohibitedby 42 U.S.C. §2000e et seq., by allowing discrimination based on religion prior complaints and causing a hostile work environment.

41.     The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS AND FOR A SECOND COUNT
## FOR RETALIATION UNDER TITLE VII

42.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

43.     Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides thatit shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practiceby this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

44. The employer Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by retaliating against Plaintiff with respect to the terms, conditions or privileges of employment because of his opposition to the unlawful employment practices of the employer Defendants.

45. The employer Defendants violated the above and Plaintiff suffered numerous damages as a result.

**AS AN FOR THE THIRD COUNT
DISCRIMINATION IN VIOLATION
OF CONN. GEN. STAT. § 46a60(A)(1)**

46. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

47. Plaintiff was treated in a disparate manner in the terms and conditions of his employment, on the basis of religion and prior complaints.

48. The employer Defendants' conduct is unlawful and in violation of CFEPA.

49. As a result of the employer Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer damages, including but not limited, to substantial lost wages, fringe benefits,health insurance, retirement and pension benefits, mental and emotional distress and the abilityto enjoy life's pleasures.

50. Plaintiff seeks damages as a result of Defendants' unlawful conduct.

**AS AND FOR THE FOURTH COUNT
RETALIATION IN VIOLATION
OF CONN. GEN. STAT. §46a-60(a)(4)**

51. Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above withthe same force and effect as if more fully set forth herein.

52. Plaintiff engaged in protected activity under the CFEPA by complaining to Defendant

about harassment and discrimination.

53. Defendant created a hostile work environment due to Plaintiff's employment because of his prior complaints.

54. The adverse employment actions to which Plaintiff was subjected were the direct consequence and in retaliation for Plaintiff's opposition to unlawful discrimination.

55. The Defendant's actions violate CFEPA.

56. As a result of the foregoing conduct, Plaintiff has suffered and will continue to suffer damages that include but are not limited to: lost or reduced wages, fringe benefits, health insurance benefits, and pension payments; emotional and psychological distress, stress, anxiety; physical injury; and the loss of the ability to enjoy life's pleasures and activities.

## **DEMAND FOR A JURY TRIAL**

57. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demands a trial by jury on all claims in this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and inwillful violation of the aforementioned federal; and state laws;

B. Awarding Plaintiff compensatory damages;

C. Awarding Plaintiff punitive damages;

D. Awarding Plaintiff costs and disbursements incurred in connection with this action,including reasonable attorneys' fees, expert witness fees, and other costs;

E. Pre-judgment and post-judgment interest, as provided by law; and

F.  Granting Plaintiff further relief as this Court finds necessary and proper.

Dated: New York, New York
November 28, 2022

Respectfully submitted,

By: *Christopher J. Berlingieri*
CHRISTOPHER J. BERLINGIERI, ESQ. (ct30335)
BERLINGIERI LAW, PLLC
*Attorney for Plaintiff*
244 Fifth Avenue, Suite F276
New York, New York 10001
Tel.:  (347) 766-5185
Fax:  (914) 730-1044
Email: cjb@nyctlaw.com

# EXHIBIT A

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

**New York District Office**
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website:  www.eeoc.gov

# DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 09/07/2022

**To:** Donald Myers
732 Silver Lane
East Hartford, CT 06118

Charge No: 16A-2022-00305

EEOC Representative and email:    Amon Kinsey
Supervisory Investigator
amon.kinsey@eeoc.gov

## DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
09/07/2022

Timothy Riera
Acting District Director

**Cc:**
Residential Management Service
c/o: Jonathan Shapiro, Esq.
Aeton Law Partners LLP
311 Centerpoint Drive
Middletown, CT 06457


Christopher J Berlingieri, Esq.
Berlingieri Law, PLLC
244 Fifth Avenue, Suite F276
New York, NY 10001


Please retain this notice for your records.

# EXHIBIT B

**STATE OF CONNECTICUT**
**COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES**

Donald Meyers
**COMPLAINANT**

CHRO No. 2230292
EEOC No. 16A-2022-00305

v.

Residential Management Services
**RESPONDENT**

## **RELEASE OF JURISDICTION**

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Complainant resides or in which the Respondent transacts business. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought in accordance with this release must be served on the Commission by email at ROJ@ct.gov or by regular U.S. mail at 450 Columbus Blvd. – Suite 2, Hartford, CT 06103 at the same time all other parties are served. Service by email is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:**   September 2, 2022            _____Tanya A. Hughes_____

Tanya A. Hughes, Executive Director

cc:   Christopher J. Berlingieri, Esq., via email: cjb@nyctlaw.com
Jonathan Shapiro, Esq., via email: jms@aetonlaw.com

.